T.C. Summary Opinion 2003-37


UNITED STATES TAX COURT


LAKIM LOVE ALLAH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12913-01S.               Filed April 18, 2003.


Lakim Love Allah, pro se.

<u>Patricia A. Riegger</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $3,717 for the taxable year 2000.

The issues for decision are: (1) Whether petitioner is entitled to two dependency exemption deductions in 2000, and (2) whether, and if so to what extent, petitioner is entitled to an earned income credit in 2000.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Brooklyn, New York, on the date the petition was filed in this case.

Petitioner's two sons, Lamani Lakim Christopher Clarke (Lamani) and LaKim Love Allah, Jr. (LaKim), were born in 1996. Lamani's mother is Sandra Clarke. LaKim's mother is Sharon Herbert. During the year in issue, petitioner turned 38 years old, he resided in the State of New York, and he earned wages of $8,701.

Petitioner filed a Federal income tax return for taxable year 2000 as a single taxpayer. He claimed two dependency exemption deductions for Lamani and LaKim, and he claimed an earned income credit with Lamani and LaKim as qualifying children. Petitioner did not attach to the return a written

declaration entitling him to one or both of the dependency exemption deductions. In the statutory notice of deficiency, respondent disallowed the dependency exemption deductions and the earned income credit in full.

The first issue for decision is whether petitioner is entitled to dependency exemption deductions for Lamani and LaKim. A deduction generally is allowed for each dependent of a taxpayer. Sec. 151(a), (c)(1). As a general rule, a child of a taxpayer is a dependent of the taxpayer only if the taxpayer provides over half of the child's support for the taxable year. Sec. 152(a). A special rule applies to taxpayer-parents who are divorced, who are separated, or who live separately for at least the last 6 months of the calendar year, but who have custody of the child for more than half of the year and who together provide over half of the child's support. Sec. 152(e)(1). Under this rule, the parent with custody of the child for the greater portion of the year (the "custodial parent") generally is treated as having provided over half of the child's support, regardless of which parent actually provided the support. Id.; sec. 1.152-4(b), Income Tax Regs. An exception to this special rule exists which entitles the noncustodial parent to the dependency exemption deduction. Sec. 152(e)(2). For the exception to apply, the custodial parent must sign a written declaration

releasing his or her claim to the deduction, and the noncustodial parent must attach the declaration to his or her tax return. Id.

Each taxable year stands alone, and respondent may challenge in a succeeding year what was condoned or agreed to in a former year. Rose v. Commissioner, 55 T.C. 28 (1970). Thus, a taxpayer must meet the requirements of sections 151 and 152 in any given taxable year to be entitled to a dependency exemption deduction, even if respondent did not challenge a similarly claimed deduction in a prior year.

Respondent argues that petitioner is not the custodial parent of either of the children. Petitioner argues that he resided with both of his sons during the year in issue. Because petitioner has failed to offer any credible evidence concerning the issue of where he and his children resided, petitioner bears the burden of proving respondent's disallowance of the deductions to be in error. Sec. 7491(a)(1); Rule 142(a).

Petitioner testified that he resided in an apartment during the year in issue with his two sons, with Ms. Clarke, and with Ms. Clarke's mother. During this time and through the time of trial, however, petitioner used his father's address as his own mailing address. He testified that he kept this as his mailing address because "you never know how things might work out." Petitioner did not state a specific date when he moved into the apartment, or state how long he remained there. Petitioner

failed to provide any witnesses or documentation corroborating his assertions. We find that petitioner has failed to establish that he was the custodial parent for either of his sons during the year in issue. Consequently, because petitioner did not attach to his return a written declaration entitling him to the dependency exemption deductions, we sustain respondent's determination that petitioner is not entitled to the deductions. Furthermore, petitioner has failed to establish that he provided any support for the children during that year. Even were we to find that petitioner lived for some part of the last 6 months of the year with Ms. Clark, he would not be entitled to a dependency exemption deduction for Lamani. Secs. 151, 152.

The second issue for decision is whether, and if so to what extent, petitioner is entitled to an earned income credit in 2000. An eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income, subject to certain limitations. Sec. 32(a)(1). A single individual is an eligible individual if his principal place of abode is in the United States for more than half of the taxable year, if he is at least 25 years old but under 65 years old, and if he is not a dependent of another taxpayer. Sec. 32(c)(1)(A)(ii). An individual with qualifying children is entitled to a larger credit than is an individual without qualifying children. Sec. 32(a) and (b). Subject to further

requirements, the definition of a qualifying child for purposes of section 32 includes a child of a taxpayer who has the same principal place of abode as the taxpayer for more than half of the taxable year. Sec. 32(c)(3)(A)(ii). Petitioner has failed to show that either of his children had the same principal place of abode as petitioner for more than half of 2000. Petitioner therefore is not entitled to an earned income credit in 2000 based on Lamani and LaKim as qualifying children. Id.

Petitioner, however, is nevertheless entitled to a smaller earned income credit than that claimed. Petitioner is an eligible individual, and he earned $8,701 during the year in issue. Respondent argues in his trial memorandum that taxpayers without qualifying children who earn in excess of $5,280 are not entitled to an earned income credit. This is incorrect. According to the tables prescribed by the Secretary pursuant to section 32(f), the lowest income amount at which the earned income credit is no longer available in this situation is $10,380 for taxable year 2000. See also sec. 32(a), (b), (j). The amount of the deficiency resulting from the correct amount of the earned income credit will be calculated pursuant to a Rule 155 computation.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.
